NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BIBIJI INDERJIT KAUR PURI,**
*Appellant*

**v.**

**YOGI BHAJAN ADMINISTRATIVE TRUST,**
*Appellee*

---

2020-2152

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 91217913.

---

Decided:  May 10, 2021

---

SURJIT SONI, The Soni Law Firm, Pasadena, CA, for appellant.  Also represented by MICHAEL A. LONG.

AARON JOSEPH MOSS, Greenberg Glusker Fields Claman & Machtinger, Los Angeles, CA, for appellee.  Also represented by ELIZABETH MARIE SBARDELLATI.

---

Before PROST, *Chief Judge*, MOORE and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

Bibiji Inderjit Kaur Puri appeals from a decision of the Trademark Trial and Appeal Board (Board) sustaining an opposition to her intent-to-use application under 15 U.S.C. § 1051(b) to register the character mark YOGI for various bath and beauty products. *See Yogi Bhajan Administrative Trust v. Inderjit Kaur Puri*, Opp. No. 91217913 (T.T.A.B. July 29, 2020) (Board Decision) (J.A. 1–20).  The Board found that Ms. Puri had a pre-existing interest in the YOGI mark shared with the opposer, Yogi Bhajan Administrative Trust (YBAT), and therefore she "did not have a bona fide intent to use the mark in commerce solely in her individual capacity at the time she filed her [application] because, at such time, [Ms. Puri] was aware that both Opposer and [herself] each had an undivided and equal interest in the applied-for mark for the identified goods." *Id.* at \*20.  Because the Board's legal conclusions are without error and its factual findings are supported by substantial evidence, we *affirm*.

Unrebutted evidence supports the Board's determination that YBAT and Ms. Puri share an interest in the YOGI mark for the applied-for goods.  Both obtained a fifty percent, undivided interest in the YOGI mark and associated license agreements from Harbhajan Singh Khalsa Yogiji (Yogi Bhajan) after his death.  Yogi Bhajan licensed the YOGI mark for various health and wellness products, including bath and beauty products similar to those at issue here.  *See, e.g.*, J.A. 286, 288 (written testimony of Ek Ong Kar Kaur Khalsa, a trustee of YBAT, stating that Yogi Bhajan had licensed the YOGI mark for "bath and body care products," including "perfumes, body oils, body scrubs and body butters"); J.A. 336, 349–50 (agreement licensing the YOGI mark for perfume oils, body oils, salt scrubs, sugar scrubs, and body butters).  In light of this evidence, the Board reasonably concluded that Ms. Puri "cannot, as a matter of law, assert that no other persons have the right to use the applied-for-mark in commerce" as part of her

intent-to-use application because "the evidence clearly demonstrates that Opposer also has an undivided 50% interest in the involved mark." Board Decision at *17.

The Board also found that Ms. Puri's previous reliance on her shared interest in the YOGI mark to oppose registration of YOGI-formative marks for goods similar to those at issue here underscored why Ms. Puri may not register the YOGI mark in the applied-for goods solely in her own name without her co-owner's consent. Relying upon the co-owned YOGI mark, Ms. Puri opposed the registration of YOGI FAIR for personal care and bath and body products and YOGI VITALITY for health and wellness products, and asserted the scope of her pre-existing rights extend so far as to warrant precluding registration of YOGI-related marks for non-health and wellness products as well (e.g., clothing). The Board's finding that the positions taken by Ms. Puri in these opposition proceedings further demonstrate that "her rights in the mark YOGI generally" "are derived from her 50% undivided interest in the Yogi Bhajan Intellectual Property" are therefore supported by substantial evidence.

Given the Board's well-supported factual findings, we find no error in its conclusion that Ms. Puri's application was void ab initio for failing to include or obtain the consent of all interested parties. *See* 15 U.S.C. § 1051(b); *Sanders v. Am. Forests*, 232 F.3d 907 (Fed. Cir. 2000) (unpublished).

On appeal, Ms. Puri challenges numerous aspects of the Board's decision, including that insufficient evidence of use of the YOGI mark for bath and beauty products was submitted during the opposition proceeding to support the Board's conclusion. *See generally* Appellant's Br.; *id.* at 15–17. During the opposition proceeding, however, Ms. Puri did not file a trial brief, submit any witness statements, or otherwise timely raise these disputes. Board Decision at *5. Such arguments are therefore forfeited. *See In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir.

2020).  And while we have discretion to consider "position[s] not presented in the tribunal under review" under "exceptional circumstances," *id.*, such circumstances are not present here.  *See* Appellant's Reply Br. at 14 (arguing only that "there has been no waiver" because Ms. Puri "timely appealed [] and was not required to seek reconsideration before doing so.").  We therefore decline to consider Ms. Puri's arguments in the first instance.

We have considered Ms. Puri's remaining, timely arguments and find them unpersuasive.  For the reasons set forth above, we affirm the Board's decision sustaining YBAT's opposition to Ms. Puri's application to register the YOGI mark for the applied-for goods.

**AFFIRMED**